IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2016

## BILLY JOE RUSSELL, JR., AKA JOE BILLY RUSSELL, JR., AKA CRAIG C. SCOTT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-I-316     Steve R. Dozier, Judge**
_____

**No. M2015-02318-CCA-R3-PC – Filed October 13, 2016**
_____

The petitioner, Billy Joe Russell, Jr., a.k.a. Joe Billy Russell, Jr., a.k.a. Craig C. Scott, appeals the post-conviction court's denial of his petition for relief. On appeal, the petitioner asserts that his petition is timely because it falls within one year of certain federal opinions which establish a constitutional right requiring retroactive application. After a thorough review of the record, we affirm the dismissal of the petition in accordance with Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Joe Billy Russell, Jr., Butner, North Carolina, pro se.

Herbert H. Slatery III, Attorney General and Reporter; James E. Gaylord, Senior Counsel; Glenn Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

On April 16, 2001, the petitioner pled guilty to one count of theft of property valued at $1,000 or more but less than $10,000, a Class D felony, and one count of felony evading arrest, a Class E felony. The petitioner received a two-year sentence for each conviction, to be served concurrently. On September 10, 2015, the petitioner filed a petition for post-conviction relief listing three separate convictions that the petitioner

wished to challenge. The subject of the current appeal is the 2001 conviction for Class E felony evading arrest in Case No. 2001-I-316.

The petition also challenged a 2002 conviction for evading arrest in a motor vehicle with risk of death or injury to a third party (Case No. 2002-I-1192) and a 1994 conviction for possession of a Schedule II controlled substance. The 2002 conviction for Class D felony evading arrest was separately considered and dismissed by the trial court for failure to file within the limitations period, and it was the subject of a separate appeal before this court. *See Joe Billy Russell, Jr., v. State*, No. M2015-02101-CCA-R3-PC, 2016 WL 4472861 (Tenn. Crim. App. Aug. 22, 2016).

The petitioner requests relief on two grounds. First, the petitioner asserts that his conviction for Class E felony evading arrest in a motor vehicle is unconstitutional because the statute under which he was convicted is void for vagueness. The petitioner avers that the decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015) renders the Tennessee statute unconstitutionally vague. The petitioner also challenges his evading arrest conviction, as well as the drug convictions, asserting that the sentences were imposed in violation of *Blakely v. Washington*, 542 U.S. 296 (2004) and *Peugh v. United States*, 133 S. Ct. 2072 (2013).

The post-conviction court found that the petition was time-barred, and it dismissed the petition summarily. The petitioner appeals.

## ANALYSIS

On appeal, the petitioner argues that *Johnson* requires retroactive application and renders Tennessee Code Annotated sections 39-13-102 and 39-16-603 unconstitutionally vague. In particular, the petitioner contends that the statutory language in the evading arrest statute involving "risk of death or injury" to third parties violates due process. He also argues that the statute is also unconstitutionally vague because the crime is graded as a misdemeanor or a Class D or E felony based on the circumstances of commission.

The post-conviction court dismissed the petition because it found the petition untimely. A post-conviction petition must be brought within one year of the date the judgment becomes final or within one year of the final action on any appeal. T.C.A. § 40-30-102(a). Failure to file within the limitations period bars relief and removes the case from the court's jurisdiction. T.C.A. § 40-30-102(b). The petition in this case was filed over one year after the convictions became final.

The petitioner's briefs and arguments are nearly identical to those raised in *Joe Billy Russell, Jr., v. State*, 2016 WL 4472861. We conclude that the claims at issue in

this appeal are governed by the legal principles articulated in that opinion. *See id.* at \*2-4. Moreover, we note that here, the petitioner challenges a Class E felony conviction, which does not involve any risk assessment as addressed by *Johnson*, 135 S. Ct. 2551. *See* T.C.A. § 39-16-603(b)(3) (evading arrest with a motor vehicle is a Class E felony "unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony").

Accordingly, the petition does not present a colorable claim that the conviction is void. We conclude that the post-conviction court did not err in dismissing the petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

## CONCLUSION

Because the petitioner did not present a colorable claim for relief, the dismissal is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE